IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS LEVI RIANTO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | 1:11 - CV - 0217  AWI<br>(1:01 - CR - 5063 AWI)<br><br>ORDER DENYING PETITIONER'S MOTION TO CORRECT, AMEND OR VACATE HIS SENTENCE<br><br>(28 U.S.C. § 2255) |

### INTRODUCTION

Petitioner Nicholas Levi Rianto ("Petitioner") was convicted in 2001 by plea of guilty to one count of violation of 18 U.S.C. § 1028(a)(7) and one count of 18 U.S.C § 1341 and was sentenced to a total term of imprisonment of twelve months and one day. Following a remand to custody in 2005 for violation of terms and conditions of supervised release, Petitioner's case was terminated 2005. The instant petition to correct, vacate or set aside the sentence pursuant to 28 U.S.C. § 2255 was filed on February 7, 2011.

### FACTUAL AND PROCEDURAL HISTORY

This case commenced on February 15, 2001, when an indictment alleging 38 counts of identity theft to fraudulently obtain credit was filed. Petitioner was convicted by plea of guilty entered on June 4, 2001. The court's order of judgment and commitment was filed on September 13, 2002. An order of supervised release was filed in regard to Petitioner on August 27, 2004. Petitioner was arrested for violation of the terms of supervised release on September 17, 2004, and again on July 13, 2005. With regard to each violation of supervised release Petitioner was

remanded to custody for a period of eight months.  The last order of judgment and commitment was filed on September 8, 2005.  No notices or appeal or prior habeas petitions have been filed prior to the instant petition, which was filed on February 7, 2011.  The court notes that Petitioner appears to be currently incarcerated at an immigration detention center in Eloy, Arizona.  The court has no direct knowledge of Petitioner's current custody or residency status.

## LEGAL STANDARD

Petitioner has filed a motion for habeas relief pursuant to 28 U.S.C. § 2255.  Section 2255 provides, in pertinent part: "A prisoner *in custody under sentence of a court* established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Although it appears that Petitioner is currently in custody, the court's records indicate that he has completed service of the term of imprisonment and supervised release imposed by *this* court as a result of his conviction on the charges he pled guilty to in 2001.  The court, based on Plaintiff's current address, presumes that Petitioner is currently under detention pending deportation proceedings.  Where, as here, a petitioner has been discharged from custody and/or court supervision related to the conviction being challenged, Section 2255 does not provide an appropriate vehicle for relief.

"The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." Estate of McKinney By & Through McKinney v. United States, 71 F.3d 779, 781 (9th Cir.1995).  "The writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir.1989) (quoting Yasai v. United States, 772 F.2d 1496, 1498, 1499 & n. 2 (9th Cir.1985).  The writ permits a court to vacate its judgment when an error has occurred that is of the most fundamental character such that the proceeding itself is rendered invalid.  McKinney, 71 F.3d at 781.  The Supreme Court and Ninth Circuit have "long made

2

clear that the writ of error coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir.2007).

To qualify for error coram nobis relief, four requirements must be satisfied: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction to satisfy the case or controversy requirement of Article III, and (4) the error is of the most fundamental character. Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987).

**DISCUSSION**

As an initial matter, the court notes that Petitioner's underlying purpose – to mitigate the effect of his prior conviction for an aggravated felony on his current immigration status – is not directly available. A request for habeas relief, whether by way of 28 U.S.C. § 2255 or by way of writ of error coram nobis, is a collateral attack on the conviction itself. Thus, a petitioner who successfully attacks the plea agreement that is the basis of his conviction may enter a plea of not guilty and be tried on evidence available, or may attempt to negotiate a different plea agreement, but he cannot directly re-engineer the terms of his existing plea agreement to suit his current needs. See e.g. United States v. Krboyan, 2011 WL 2117023 (E.D. Cal. 2011) at *13 (rejecting the petitioner's effort to restate the facts underpinning his conviction in his prior plea agreement).

In addition, the court notes that Petitioner's motion for habeas relief was aimed at satisfying the requirement of section 2255 and fails in a number of respects to adequately address the requirements for relief under the above-listed requirements for writ of error coram nobis. The court will deny Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 and will briefly discuss those standards that apply to the form of habeas relief that is available to him. In all this, Petitioner is cautioned to keep in mind that, should he ultimately prevail on his effort to achieve habeas relief, there is not much cause to believe that a second plea agreement could be negotiated that significantly alters the factual basis for his prior conviction. Petitioner is cautioned that even

if he should be successful in his challenge, there is a substantial likelihood that he would be subject to trial on the evidence available without benefit of a plea agreement and, upon a finding of guilt, to be subject to a sentence harsher than the one he already served.

**I. More Usual Remedy Not Available**

Given that Petitioner is no longer in custody as a result of the conviction being attacked in this motion, there is no doubt that the usual forms of habeas relief are not available. See United States v. Kwan, 407 F.3d 1005, 1012 (9th Cir. 2005) (concluding writ of error coram nobis is only writ available to a petitioner no longer in custody on charge being attacked). The first of the factors is therefore satisfied.

**II. Valid Reason for Not Attacking Conviction Earlier**

Because the writ of error coram nobis is a non-statutory equitable remedy, it has no statute of limitations but is instead susceptible to the equitable doctrine of latches which prevents access to the writ where there would be prejudice to the other side. Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). Petitioner asserts only that his attorney did not "completely" research the possible implications of his plea with regard to the possible effects of the plea on his residency status and therefore did not completely disclose such effects to Petitioner. Petitioner therefore alleges that he had no reason to understand he could suffer adverse deportation consequences of his plea until an action for removal was actually commenced.

Petitioner's factual allegations regarding what information he received from his attorney are impermissibly vague. It is not necessary, for example, that Petitioner's attorney specifically informed Petitioner that he would be targeted for removal ten or eleven year after the date of the plea agreement. For purposes of notice giving rise to a duty to challenge his conviction sooner, it would be sufficient if Petitioner had been informed, for example, that the offence he was pleading guilty to in 2001 was classifiable for immigration purposes as an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), and that Petitioner *could* therefore be *subject to* deportation as a consequence of his plea. The court will not speculate at this point as to what

4

Petitioner was actually told or not told.  It is up to Petitioner to allege precisely what information was transmitted to him that made it reasonable for him to not take action to challenge the conviction earlier.  See United States v. Hubenig, 2010 WL 2650625 (E.D. Cal. 2010) at *3 (the petitioner has the burden to show that what the petitioner knew (or was misled to believe) constituted a sound reason to not challenge the conviction).

The court also notes that ten years or more from the date of conviction is a relatively long delay by the standards of most of the examples of writ of error coram nobis that the court has found.  The court will not undertake to reconstruct all the facts of Petitioner's plea agreement at this time, but Petitioner should note that the passage of time does lend weight to any claim of prejudice by the government.   See Telink, 24 F.3d at 48 (the effects of delay on the government's ability to respond or mount a retrial are considerations in the assessment of prejudice).  If the passage of time has substantially reduced the government's ability to present a case, it is very unlikely Petitioner will be able to show excusable delay in bringing his challenge to his prior conviction.

**III.  Adverse Consequences**

As used in the context of a motion for writ of error coram nobis, the term "adverse consequences" means adverse consequences arising from the conviction, not the conviction itself.  Generally, courts in this circuit have recognized that a change of the residency status of a lawful immigrant to deportable constitutes an adverse consequence "sufficient to satisfy Article III's case or controversy requirement."  Kwan, 407 F.3d at 1014.  Petitioner's allegation that he is currently subject to deportation as a consequence of his prior conviction in this court is sufficient to satisfy the "adverse consequences" requirement for a writ of error coram nobis.

**IV.  Fundamental Error**

The base upon which Petitioner's section 2255 motion rests is the contention that he received ineffective assistance of counsel primarily because, as noted previously, his attorney "failed to fully investigate the full nature of the consequence [of the guilty plea], [Petitioner's]

5

counsel presume incorrectly that he will not [be] faced with possible 'banishment for life.'" Doc. # 62 at 12:13-16. "Ineffective assistance of counsel has been recognized as a fundamental error which can satisfy [the fundamental error] prong of the coram nobis analysis." Hubenig, 2010 WL 2650625 at *4 (citing Kwan, 407 F.3d at 1014). As Petitioner correctly notes, to prevail on a claim of ineffective assistance of counsel a petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) the he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687-688 (1984).

Although a good deal of case law is concerned with the duty of an attorney to inform his client of the immigration consequences of a plea of guilty, the court declines to address the parameters of the duty here because the court lacks sufficient factual context to reach any conclusion. Again, Petitioner's allegation that his attorney failed to *"fully investigate"* or *"fully inform"* fails to provide context because the court does not know exactly (1) what information *actually was* provided that was accurate; (2) what information *was* provided that was inaccurate or misleading; and (3) what information was *not* provided that should reasonably have provided at the time. Until those three questions are answered, the court has no basis to form an opinion.

THEREFORE, for the reasons given above, Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 225 is hereby DENIED. Leave is hereby given to file a motion for writ of error coram nobis. This case remains CLOSED.

IT IS SO ORDERED.

Dated:     February 21, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE